UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

VALERIANI KUSRASHVILI,

                    Petitioner,

v.

KEVIN RAYCRAFT et al.,

                    Respondents.

_____/

Case No. 1:26-cv-1412

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I.      Procedural History

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.24–25.) In an Order entered on May 5, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus

should not be granted. (Order, ECF No. 4.) Respondents filed their response on May 8, 2026, (Resp., ECF No. 5),[1] and Petitioner filed his reply on May 13, 2026, (ECF No. 6).

## II.      Factual Background

Petitioner is a citizen of Georgia who entered the United States on or about September 11, 2023, "as a nonimmigration Visitor For Pleasure with authorization to remain in the United States for a temporary period not to exceed March 10, 2024." (Notice to Appear (NTA), ECF No. 5-1, PageID.81.) On January 13, 2026, Petitioner was arrested by ICE in West Virginia. (Form I-213, ECF No. 5-2, PageID.85.)

On or about February 17, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Order Immigration Judge, ECF No. 5-3, PageID.87.) At the conclusion of the hearing, the Immigration Judge determined that Petitioner "did not demonstrate a sufficient likelihood that he would be granted asylum." (*Id*.) The Immigration Judge also stated that there was "insufficient evidence that [Petitioner] in fact filed an application or a complete application for asylum with this Court or [U.S. Citizenship and Immigration Services]." (*Id*.) The Immigration Judge concluded that Petitioner "has failed to meet his burden of proof to show that he has a likelihood of success on his application for asylum and that he is not a flight risk." (*Id*.)

## III.     Analysis

Petitioner argues that the prior bond hearing was unconstitutional because the Immigration Court placed the burden of proof on Petitioner to show that he was not a flight risk. The Court has fully addressed this issue in *Soto-Medina v. Lynch*, No. 1:25-cv-1704, --- F. Supp. 3d ----, 2026 WL 161002, at *9–18 (W.D. Mich. Jan. 21, 2026). Therefore, for the reasons set forth in

---

[1] The Court notes that Respondents failed to comply with the order to show cause, which directed Respondents to "file a transcript, or if a transcript is not available, a recording, of the bond hearing before the Immigration Judge." (Order, ECF No. 4, PageID.41.)

*Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

<u>**Conclusion**</u>

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:      May 19, 2026                          /s/ Jane M. Beckering
                                                  Jane M. Beckering
                                                  United States District Judge